Daniel, J.
The award made by the arbitrators, does not in express and certain terms, fix the sum of money to be paid by Courtney to Cauthorn ; nor does it, by reference or otherwise, afford the means by which the sum intended to be awarded can, with certainty, be ascertained. In some cases it is held averments in pleading may be admitted to support awards which have the appearance of being uncertain. Thus, whenever, from the nature of the thing, the award may be ascertained by a reference to something else, then an averment will help it; as if it be “ to pay the money expended in a certain suit,” an averment “ that so much was expended,” will support it. Kyd on Awards 205. Here, however, there is nothing in the context of the award, nothing in the nature of the thing awarded, no reference to any thing connected with it, by which to fix the sum intended to be awarded; and I do not see how the objection on the score of uncertainty could be met or obviated by any averment in pleading.
When the submission is by bond, and the award is for the payment of money, the party prevailing may enforce the award, either by an action of debt on the award itself, or by an action of debt on the bond of *384 submission. Kyd 280. In either case, however, it is necessary to the maintenance of the action that he should exhibit an award which of itself, or by manifest reference to something else, ascertains and awards a sum certain.
Where the arbitrators have proceeded to act upon the matters submitted to them, and have made an award which is void for uncertainty, the parties litigant may assert their demands in any mode or form of action which could have been maintained before they entered into the bond of submission.
An agreement to arbitrate, (whether existing only in parol or evidenced by bond,) under which the arbitrators have not proceeded to act, cannot be pleaded in bar of an action brought on the original cause of action. Kyd 16. Much less can such an agreement exclude the jurisdiction of the Court, where the arbitrators, in pursuance of the submission of the parties, have made an effort to determine the controversy, which has proved abortive because of incurable uncertainty in the award.
The bond of submission, and the defective award under it, formed, then, in the first of these cases, no objection to a suit on the original cause of action. The only question remaining to be considered is, whether there appears in the evidence set forth on the demurrer, enough to support the issue joined by the plaintiff, under any one of the counts in the declaration.
The evidence consists of the bond of submission, the award, a receipt, and the testimony of a single witness. The condition of the bond recites that differences had arisen between the said Cauthorn & Hart and the said William P. Courtney, as to a certain contract by parol entered into by the said parties, whereby the said Cauthorn & Hart agreed for a certain consideration, to be paid them by said Courtney, to take upon themselves certain contracts which the said Courtney had entered into, for the purchase of certain crops of corn, and that *385 the parties had mutually agreed to submit all matters between them touching the premises, to the award of the persons therein named. The award, which is very brief, is in these words : “ We the arbitrators called on in the case of Cauthorn & Hart and William P. Courtney, decide that Courtney shall refund to Cauthorn & Hart the sum the said Cauthorn & Hart paid for Mr. Campbell’s com.” The receipt is as follows: “ 1836, March 14th, received of Messrs. Cauthorn & Hart twelve hundred and twenty-five dollars on account of Mr. Hugh Campbell’s corn. William P. Courtney." The only witness examined, states in his deposition, in answer to questions propounded to him by the plaintiffs, that in June 1836, at the place where the arbitration was held, and shortly after the award had been made, he had some conversation with one of the plaintiffs, Hart; that “he asked Hart how the matter stood between him and William P. Courtney, that is, how the referees had decided concerning the corn contract between him and Mr. Courtney. Mr. Hart said that the referees had given it in their favour.” Hart then called Mr. Courtney to him, and demanded of him the amount the referees had given in their favour concerning the corn, or to give his bond for the amount; upon which Courtney said, “that the decision of the referees was just as good as his bond, and he would settle with him or them agreeable to what the referees had decided.”
It is true that the witness, in answer to a question propounded by the defendant, states that he understood from the conversation, that the defendant “supposed himself bound by the award, supposing it to be legal.” The language of the defendant, however, and not the interpretation of it by the witness, is the evidence to which a Court and jury would look as proof in the cause. Prom the foregoing evidence, would not a jury have been well justified in inferring that the twelve hundred and twenty-five dollars mentioned in the re *386 ceipt, was so much money advanced by Cauthorn & Hart to Courtney, in pursuance of the contract recited in the condition of the bond of submission; and that the promise of Courtney had a direct reference to this sum¡ an(j involved an admission on his part, that he had not complied with the understanding upon which the money had been advanced ? I think they would. If so, we have a promise by the defendant to pay a specific sum of money received by him upon a consideration which had failed; and under the count for money had and received, without expressing any opinion upon the issue under any other count, there was ample evidence to maintain the issue joined by the plaintiffs on the demurrer to the evidence. From these views, it would follow that the plaintiffs ought to have prevailed in their action on the case in assumpsit, and not in their suit on the bond of submission. The Court below, doubtless regarding the award as sufficiently certain, has given judgment for the plaintiffs in their suit on the bond, and against them in their action in assumpsit on the original cause of action. I think that the judgments in both cases ought to be reversed, with costs to the appellants in each case respectively, and that judgment should be rendered for the plaintiffs in the first case, and for the defendant in the second.
The other Judges concurred. Judgment in both cases reversed.